**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| MILTON ROBINSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) No. 4:06CV1679 JCH |
| | ) |
| PAUL CASPARI, et al., | ) |
| | ) |
|     Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Milton Robinson for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $29.07. See 28 U.S.C. § 1915(b)(1). Additionally, the Court has determined that the complaint contains both frivolous and non-frivolous claims. The frivolous claims shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Finally, as plaintiff is no longer a prisoner, the Court will order plaintiff to submit a new motion to proceed in forma pauperis and financial affidavit, or else plaintiff shall be required to pay the filing fee.

## **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess

and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of applicant's account indicates an average monthly deposit of $109.83, and an average monthly balance of $145.34. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $29.07, which is 20 percent of applicant's average monthly balance.

Plaintiff was a prisoner when he filed the complaint on November 17, 2006. On November 29, 2006, Plaintiff filed a notice with the Court indicating that he was being released from prison. Because plaintiff is no longer in prison, the Court will not be able to collect the remaining portion of the filing fee from plaintiff's prison trust fund account. Additionally, plaintiff's

financial situation may have improved since plaintiff left prison. As a result, plaintiff shall submit a new motion to proceed in forma pauperis and a new financial affidavit. If plaintiff chooses not to submit a new motion to proceed in forma pauperis, plaintiff shall pay the entire amount of the filing fee, $350.00, within thirty days of the date of this Order.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The Complaint

The instant complaint is identical to a complaint filed by plaintiff in this Court in 2003. Robinson v. Caspari, 4:03CV1700 JCH. The 2003 case was dismissed without prejudice under Local Rule 2.06 because plaintiff changed his address but did not notify the Court of the change within thirty days. Because the dismissal of the 2003 case was without prejudice, res judicata does not bar plaintiff from bringing this suit a second time. E.g., Smith v. Dowden, 47 F.3d 940, 943 (8th Cir.1995).

Plaintiff seeks damages pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are Paul D. Caspari, Janet M. Schneider, Paul E. Kish, and Deeadra Winston.

Liberally construing the complaint, it appears that plaintiff had been confined at the St. Louis Community Release Center (SLCRC) when he left without authorization. Later, plaintiff was taken into custody and issued a violation for "escape." The violation was subsequently reduced to being "out of bounds." As part of the sanctions for his unauthorized absence, it appears that plaintiff suffered a confiscation of certain personal property - including certain legal papers and documents. Plaintiff contends that the confiscation of his personal property violated his due process rights. Additionally, plaintiff claims that the confiscation of

his legal papers deprived him of access to the courts because it created actual prejudice to a personal injury lawsuit.

**Discussion**

Plaintiff's claims against defendants Kish and Winston regarding the confiscation of his personal property and the denial of access to courts survive review under § 1915(e)(2)(B) and should not be dismissed as this time. See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2). Therefore, the Court will order that defendants Kish and Winston reply to these claims.

Plaintiff's claims against defendants Caspari and Schneider, however, should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The allegations of the complaint indicate only that defendants Caspari and Schneider responded to plaintiff's formal grievances concerning the confiscation of his personal property. Neither defendant Caspari nor defendant Schneider appears to have been involved with the decision to confiscate the property. By the time plaintiff filed a formal grievances concerning his property - some six months after he had been transferred from SLCRC - the property had been lost or destroyed. Consequently, neither defendant Caspari nor defendant Schneider could order that plaintiff's property be returned.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v.

Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). Plaintiff has failed to assert any facts indicating that defendants Casapri and Schneider were personally involved in or directly responsible for the alleged incidents that injured plaintiff. Therefore, plaintiff's claims against these defendants should be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall forward to plaintiff blank copies of this Court's "Motion to Proceed In Forma Pauperis – Non-prisoner" and "Financial Affidavit" forms.

**IT IS FURTHER ORDERED** that plaintiff shall file *either* (1) a new motion to proceed in forma pauperis and financial affidavit *or* (2) the entire amount of the filing fee, $350.00, within thirty (30) days from the date of this Order.

**IT IS FURTHER ORDERED** that, *if* plaintiff files a new motion to proceed in forma pauperis and financial affidavit, then plaintiff shall pay an initial partial filing fee of $29.07 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) the case number; and (3) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Caspari and Schneider because the claims against these defendants are legally frivolous or fail to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Kish and Winston.

**IT IS FURTHER ORDERED** that pursuant to 42 U.S.C. § 1997e(g)(2), defendants Kish and Winston shall reply to the complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

An appropriate order shall accompany this Memorandum and Order.

Dated this 22nd day of January, 2007.

/s/ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**