UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MILTON EARL ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06-CV-1679 (JCH) |
| ) | |
| PAUL D. CASPARI, et. al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

The matter is before the Court on Defendants Paul Kish and Deeadra Winston's ("Defendants") Motion to Dismiss or Alternative Motion to Strike and for More Definite Statement, filed March 23, 2007. (Doc. No. 15). Plaintiff has not responded.[1]

**BACKGROUND**

Plaintiff Milton Earl Robinson ("Plaintiff") filed his Complaint[2] in this matter on November 11, 2006. (Compl., Doc. No. 1). In his Complaint, Plaintiff named as Defendants Paul Caspari, Division Director, Missouri Department of Corrections; Janet Schneider, Superintendent of St. Louis Community Release Center; Paul Kish, Corrections Caseworker, St. Louis Community Release Center; and Deeadra Winston, Correction Officer, St. Louis Community Release Center. (Doc. No.

---

[1] The Court sent Plaintiff a show cause order on May 18, 2007 that gave him until June 6, 2007 to respond to Defendants' motion. (Doc. No. 18). To date, Plaintiff has not responded.

[2] Plaintiff originally brought this claim in an earlier case filed on November 26, 2003. (4:03-cv-1700 (JCH) ("2003 Case"), Compl., Doc. No. 2). In the earlier case, the Court dismissed his Complaint without prejudice on June 30, 2005 due to Plaintiff's failure to comply with E.D.Mo. L.R. 2.06(B). (2003 Case, Doc. No. 33).

1). On January 22, 2007, the Court dismissed Defendants Caspari and Schneider pursuant to 28 U.S.C. § 1915(e)(2)(B). (Doc. No. 6).

In his suit under 42 U.S.C § 1983, Plaintiff claims that in October 2002 Defendants confiscated his legal documents and materials. (Doc. No. 1 pg. 6, 6(b)). He also alleges that, despite repeated requests, they failed to return his property. (Id. at pg. 6(b)). It appears that Plaintiff's property has since been donated or destroyed by the St. Louis Community Release Center. (2003 Case, Order of April 14, 2005, Doc. No. 30). Plaintiff claims that Defendants actions violated his rights under the First, Fourth, Sixth, and Fourteenth Amendments. (Doc. No. 1 pg. 6). He additionally alleges a violation of the Privileges and Immunities clause of Article IV. (Id.). He asks for an award of actual and punitive damages. (Id. at pg. 7).

On March 23, 2007, Defendants filed the motion presently before this Court. (Doc. No. 15). In this motion, Defendants contend that the Court must dismiss Plaintiff's Complaint because it fails to comply with Fed. R. Civ. P. 8, 10. Alternatively, Defendants request that this Court, pursuant to Fed. R. Civ. P. 12, strike the irrelevant and immaterial information in the Complaint and require Plaintiff to file a more definite statement.

## **MOTION TO DISMISS STANDARD**

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005). A motion to dismiss must be granted if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. ---, 127 S. Ct. 1955, 1974 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley

v. Gibson, 355 U.S. 41, 45-46 (1957)). Stated differently, to survive a motion to dismiss, the Complaint's factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 1965.

**DISCUSSION**

Defendants allege that Plaintiff's Complaint, which spans almost thirty pages[3], violates Fed. R. Civ. P. 8. This rule states that a pleading is required to contain a "short and plain statement" of the claim. Fed. R. Civ. P. 8(a). Furthermore, Rule 8(e) specifies that each averment of a pleading is to be simple, concise, and direct. Id. at 8(e).[4] The Court may dismiss a complaint for violating this rule so long as it affords plaintiff with leave to amend the complaint. See Michaelis v. Neb. State Bar Ass'n, 717 F.2d 437, 438-39 (8th Cir. 1983).

Upon consideration, the Court will grant Defendants' motion. The Complaint is disorganized, repetitive, and confusing. See Liddell v. Bd. of Educ., 508 F. Supp. 101, 104 (E.D. Mo. 1980); Fisher v. United Features Syndicate, Inc., 37 F. Supp. 2d 1213, 1216 (D. Colo. 1999). A thirty page complaint is grossly excessive for a claim arising from a seemingly simple factual scenario. Although Plaintiff is pro se, this status does not excuse him from complying with the Federal Rules of Civil Procedure. Cook v. Pueppke, 421 F. Supp. 2d 1201, 1208 (E.D. Mo.2006). Thus, Plaintiff's Complaint is dismissed and he will be given thirty days to file an amended complaint that comports with Fed. R. Civ. P. 8, 10.

---

[3]The Complaint itself is only twenty-two pages long. It also, however, contains two addenda totaling eight pages. (Doc. No. 1 Ex. A).

[4]As one district court has explained, a complaint should state facts "in simple, concise, and direct terms to show what plaintiff's claims are and to allow defendant to respond." See Politico v. Promus Hotels, Inc., 184 F.R.D. 232, 234 (E.D.N.Y. 1999) (dismissing complaint for violating Rule 8 and giving plaintiff thirty days to amend his complaint). Furthermore, a complaint should not plead evidence. Id. Finally, it should avoid unnecessary facts, repetition, descriptive language, and multiple allegations within each paragraph; See Id. at 234-35.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss or Alternative Motion to Strike and for More Definite Statement (Doc. No. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED** and Plaintiff is granted until **Thursday, August 16, 2007** within which to file an amended complaint.

Dated this 16th day of July, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE